IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02048-CNS-SBP

BMO BANK N.A.,

    Plaintiff,

v.

IHG TRANSPORTATION LLC and
TUMU JOHNSON,

    Defendants.

---

**ORDER ON MOTION FOR EXTENSION OF TIME/MOTION FOR ALTERNATIVE SERVICE (ECF No. 11)**

---

**Susan Prose, United States Magistrate Judge**

    This case is before the court on Plaintiff BMO Bank N.A.'s ("BMO") motion seeking an extension of time to complete service and permission for alternative means of serving defendant Tumu Johnson. ECF No. 11 ("Motion"); *see also* ECF No. 14. For the reasons below, the Motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

    BMO brings this action for breach of contract and related claims in regard to a loan and security agreement for the purchase of a 2022 Trail King Extendable Lowboy trailer by Johnson and defendant IHG Transportation LLC ("IHG") (collectively, "Defendants"). *See generally* ECF No. 1. BMO filed suit on July 25, 2024. *Id.* On October 25, 2024, the court sua sponte extended the deadline for serving Defendants until November 15, 2024. ECF No. 6. On November 15,

1

BMO sought another extension of time. ECF No. 7 ("First Motion for Extension"). In that motion, BMO informed the court that in August 2024, it had attempted to serve Defendants at three different addresses: two in Colorado and one in Georgia. *Id.* at 4-9. BMO's process server indicated that one of the Colorado addresses was an open field and that the other was owned by an individual who said that he had purchased the property from Johnson in 2021. *Id.* at 4-5. When attempting service at the Georgia address, the process server spoke with a woman who claimed to not know Johnson and refused to provide her name. *Id.* at 7.

The court granted the First Motion for Extension and gave BMO until January 17, 2025, to serve Defendants. ECF No. 10. On January 17, BMO filed the Motion now pending before the court. In it, BMO represents that it has located county tax records showing that Johnson is the owner of the Georgia address. Motion at 7-8. It then submits that the woman's previous evasive responses demonstrate that Johnson is attempting to evade service. *Id.* at 3. BMO asks that the court extend the time to serve Johnson and authorize service by mail or publication. *Id.* at 3-4.[1]

## LEGAL STANDARDS

Rule 4 of the Federal Rules of Civil Procedure governs service of process. As pertinent here, it provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

---

[1] Additionally, BMO filed an affidavit of service averring that it served IHG by sending a summons and a copy of the complaint via certified mail to the address of IHG's registered agent (Johnson). ECF No. 13. Alongside that affidavit, BMO also filed a motion for entry of default as to IHG, ECF No. 12, which the Clerk of Court denied because an executed service of summons had not been filed on the docket. ECF No. 15. The current Motion seeks an order permitting service by mail or publication of Johnson only. *See* Motion at 1.

2

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

"The federal rules are silent regarding substituted and alternative service. Where federal rules are silent 'as to a specific procedural requirement,' the deciding court's local rules control." *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019) (quoting *Hammond v. City of Junction City*, No. 00-2146-JWL, 2002 WL 169370, at *9 (D. Kan. Jan. 23, 2002)). It is only in those instances when "service of process by personal service cannot be accomplished" that "other means of service may be used." *United States v. Elsberg*, No. 08-cv-00552-MSK-KLM, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010). "For a substituted method of service to be valid, it must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

In Colorado, the default method of service is "personal service," which includes leaving the complaint and summons at (1) an individual's normal place of abode with a person who is at least 18 years of age and a family member of the person being served, or (2) the individual's workplace with his or her supervisor, secretary, administrative assistant, bookkeeper, human

resources representative, or managing agent. *See* Colo. R. Civ. P. 4(e)(1). When these methods prove unsuccessful, the Colorado Rules of Civil Procedure allow for service by mail or publication "in actions affecting specific property or status or other proceedings in rem." Colo. R. Civ. P. 4(g).

Colorado law places certain requirements on a party seeking to employ service by mail or publication. At a minimum, the party must file a motion setting forth (1) facts authorizing such service; (2) the efforts made to obtain personal service and the reason why personal service could not be obtained; (3) the identity of the person to whom the party wishes to deliver the process; and (4) the address, or the last known address of the party to be served. *Id.* Yet, even if the motion meets these technical requirements, the court must still find that the serving party has exhibited due diligence in their efforts to achieve personal service and that additional attempts at personal service would be futile. *Id.*

## ANALYSIS

To warrant service by mail or publication, a party must satisfy the court that they have exercised due diligence in their previous attempts at service. "'Due diligence' is commonly understood as 'the diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation.'" *Owens v. Tergeson*, 363 P.3d 826, 835 (Colo. App. 2015) (quoting Black's Law Dictionary 553 (10th ed. 2014)). Courts have found due diligence when the party has made multiple attempts at service and employed various means of locating an individual. *See Penn-Star Ins. Co. v. Business Futures, Inc.*, No. 21-cv-01256-RM-NYW, 2021 WL 5071822, at *4 (D. Colo. Sept. 14, 2021) (collecting cases).

BMO's efforts do not comport with these standards. In the Motion, BMO does not detail how many times it has attempted to serve Defendants, *see generally* Motion, but its First Motion for Extension indicated that it attempted to serve Defendants at three different addresses *once*. First Motion for Extension at 4-9. It is understandable that BMO may not have made additional attempts to serve Johnson at the two Colorado addresses, given the reports from the process service. But BMO has not adequately explained why it has not attempted service at the Georgia address more than one time, especially when it has a concrete basis for believing that Johnson is the owner of that property and might live there. *See* Motion at 7-8. Absent additional unsuccessful attempts, BMO's accusation that Johnson is evading service rings hollow. While the court recognizes that there may have been some difficulties in serving Johnson, the court is also cognizant of the due process concerns underlying the rules governing service. *See generally Mullane*, 339 U.S. at 313-15.

In sum, at this juncture, the court cannot find that BMO has exercised due diligence or that further attempts to serve Johnson in accordance with Federal Rule of Civil Procedure 4 would be futile.

## CONCLUSION

For the reasons above, BMO's request for an order permitting service of Johnson by mail or publication is **DENIED without prejudice**. It is further **ORDERED** that, **on or before March 26, 2025**, BMO shall either file executed returns of service for Defendants or a renewed

5

motion for alternative service in accordance with the legal standards above. Failure to do either may result in the court recommending dismissal under Federal Rule of Civil Procedure 4(m).[2]

DATED: February 19, 2025           BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").